Cheryl L. Schreck (SBN 130083)
    E-Mail:  cschreck@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile:  (213) 330-4501

Attorneys for Defendant
R&L CARRIERS SHARED SERVICES, L.L.C.

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN FRY,<br><br>                    Plaintiff,<br><br>        v.<br><br>R&L CARRIERS SHARED SERVICES, L.L.C., and DOES 1-50,<br><br>                    Defendants. | CASE NO.:<br><br>**DEFENDANT R&L CARRIERS SHARED SERVICES, L.L.C.'S NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441**<br><br>**[Diversity of Citizenship]**<br><br>*[Filed concurrently with Civil Cover Sheet; Certification of Interested Entities or Persons; and Declarations of Daniel J. Brake and Cheryl L. Schreck in Support of Removal]*<br><br>Complaint Filed:    September 29, 2021 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND ALL PARTIES OF RECORD AND THEIR COUNSEL:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. § 1332 and 1441, Defendant R&L Carriers Shared Services, L.L.C. ("Defendant"), through its undersigned counsel, hereby removes this action from the Superior Court of the State of California, in and for the County of Alameda, to the United States District Court for the Northern District of California.  The grounds for removal are as follows:

**STATEMENT OF JURISDICTION**

1.     This Court has original jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and this action is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b), because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs, and demonstrated in detail below.

**VENUE**

2.     This action was filed in the Superior Court of the State of California for the County of Alameda.  Thus, venue properly lies in the United States District Court for the Northern District of California.  U.S.C. § 84(c), 1391, and 1441.

**PLAINTIFF'S COMPLAINT AND SERVICE OF SAME**

3.     This lawsuit arises out of the purported constructive termination of the employment of Plaintiff Kevin Fry (hereinafter "Plaintiff") by Defendant.  On September 29, 2021, Plaintiff commenced an action in the Superior Court of the State of California in and for the County of Alameda against Defendant styled *Kevin Fry v. R&L Carriers Shared Services, L.L.C.,* Case No. RG21114487 (hereinafter referred to as the "State Court Action").  A true and correct copy of the State Court Action is attached as Exhibit A to the Declaration of Cheryl L. Schreck (hereinafter "Schreck Dec.") filed concurrently herewith.  *See* Schreck Dec. at ¶ 3.

1

2    4.    On December 2, 2021, Plaintiff served via first class mail a copy of

3    the summons and complaint and related papers on Defendant through its registered

4    agent for service of process, C T Corporation.  *See* Declaration of Daniel J. Brake

5    ("Brake Dec."), filed concurrently herewith at ¶ 2.

6    5.    Apart from the summons and complaint, the only other pleading that

7    have been filed in the State Court Action is Defendant R&L Carriers Shared

8    Services, L.L.C. Answer and Affirmative Defenses to Plaintiff Kevin Fry's

9    Complaint.  A copy of Defendant R&L Carriers Shared Services, L.L.C.'s Answer

10   and Affirmative Defenses to Plaintiff Kevin Fry's Complaint is attached as Exhibit

11   B to the Schreck Dec., filed concurrently herewith.  Schreck Dec. at ¶ 4.  No other

12   pleadings have been filed in the State Court Action, and no proceedings have been

13   held therein.  Schreck Dec. at ¶ 4.

14   **TIMELINESS OF REMOVAL**

15   6.    This removal is timely under 28 U.S.C. section 1446 in that the

16   removal was sought within thirty (30) days after service of the summons and

17   complaint on Defendant R&L Carriers Shared Services, L.L.C.  28 U.S.C.

18   § 1446(b).  In addition, this notice of removal was filed within one year of the

19   commencement of the State Court Action as required by 28 U.S.C. § 1446(b).  See

20   Exhibit A to the Schreck Dec., filed concurrently herewith.

21   **DIVERSITY OF CITIZENSHIP**

22   7.    This action may be removed on the basis of diversity of citizenship

23   jurisdiction.  Specifically, this is a civil action over which this court has original

24   jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this

25   Court pursuant to the provisions of 28 U.S.C. § 1441(a) in that it is a civil action

26   wherein the amount in controversy exceeds the sum of $75,000, exclusive of

27   interest and costs, and is between citizen of different states.  *See* U.S.C.

28   § 1332(a).

DEFENDANT R&L CARRIERS SHARED SERVICES, LLC'S NOTICE OF REMOVAL
FP 42669440.1

**COMPLETE DIVERSITY**

8.    At all relevant times, Plaintiff was a resident and citizen of the State of California.  *See* ¶ 4 of Plaintiff's Complaint which is attached as Exhibit A to Schreck Dec., filed concurrently herewith.  For purposes of diversity, a person is a "citizen" of the state in which he is domiciled.  *See* 28 U.S.C. § 1332(a)(1); *see also Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *Kramer v. Warner-Lambert Co.*, 265 F.3d 863, 857 (9th Cir. 2011)(confirming that a person's domicile is the place in which he resides with the intention to remain).

9.    For purposes of diversity, a corporation is deemed to be a citizen of the state in which it has been incorporated and where it has its principal place of business.  28 U.S.C. § 1132(c)(1).  The phrase "principal place of business" refers to the place "where the corporation's high level officers direct, control and coordinate the corporation's activities."  *Hertz v. Friend,* 999 U.S. 77, 95 (2010).  This is the corporation's "nerve center."  *Id.*  "[I]n practice [this] should normally be the place where the corporation maintains its headquarters."  *Id.* at 93.  This analysis focuses on the place at which the corporation's executive and administrative functions are conducted.  *See Industrial Tectronics, Inc. v. Aero Alloy,* 912 F.2d 1090, 1092-93 (9th Cir. 1990); *see also State Farm Fire & Cas. Co. v. Byrd,* 710 F. Supp. 1292, 1293 (N.D. Cal. 1989) (determining "nerve center" by examining among other factors, where the corporation's headquarters are located and where its principal policy and executive decisions are made).

10.    Defendant currently is, and was at the time of the filing of this action and the notice of removal, an entity incorporated in the state of Ohio, with its principal place of business in Wilmington, Ohio.  *See* Brake Dec. at ¶¶ 3-4.  Its administrative functions including but not limited to human resources, safety, sales, and partner relations take place primarily out of its Wilmington, Ohio headquarters.  *Id.*  Virtually all of Defendant's corporate executives and officers work in the company's Wilmington, Ohio headquarters.  *See* Brake Dec. at ¶ 5.

3

1   Those officers set corporate policy for Defendant.  *Id.*  As such, Defendant is a

2   citizen of the state of Ohio.

3          11.     Moreover, Defendants DOES 1-50 are fictitious.  Plaintiff's

4   Complaint does not set forth the identity or status of any fictitious defendants, nor

5   does it set forth any charging allegations against any fictitious defendants.  Thus,

6   pursuant to 28 U.S.C. § 1441(b), the citizenship of defendants sued under

7   fictitious names must be disregarded for purposes of determining diversity

8   jurisdiction and cannot destroy the diversity of citizenship between parties in this

9   action.  *See Newcomb v. Adolf Coors Co.,* 157 F.3d 686, 690-91 (9th Cir. 1998).

10          12.     Because Plaintiff's California citizenship is distinct from

11  Defendant's citizenship, which is Ohio, complete diversity exists between the

12  parties.  *See* U.S.C. § 1332(a).

13  **AMOUNT IN CONTROVERSY**

14          13.     The amount in controversy may be determined from the complaint

15  or from other sources, including statements made in the notice of removal.  *See*

16  *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001) (examining

17  complaint and notice of removal for citizenship determination); *Valdez v. Allstate*

18  *Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004) ("[W]e reiterate that the amount-in-

19  controversy inquiry in the removal context is not confined to the face of the

20  complaint"); *Cohn v. PetSmart, Inc.,* 281 F.3d 837, 839-40, n. 2 (9th Cir.

21  2002)(considering settlement demand letter for purposes of determining amount

22  in controversy).

23          14.     Based on Plaintiff's allegations, there is no doubt that Plaintiff seeks

24  more than $75,000 in damages.  Plaintiff claims that Defendant discriminated

25  against him because of his disability, retaliated against him, and constructively

26  wrongfully terminated him "for engaging in protected activity, requesting

27  reasonable accommodation, attempting to engage in the interactive process, and

28  exercising medical leave rights."  *See* ¶¶ 44, 50, 56, 62, 80, and 90 of Complaint

1   at Exhibit A to Schreck Dec.  Accordingly, Defendant may be liable to Plaintiff

2   for, and he seeks, past and future lost wages and benefits, as well as emotional

3   distress and punitive damages, and attorneys' fees.  *See* Schreck Dec. at ¶ 5; and

4   ¶¶ 45-46, 48, 51-52, 54, 58, 60, 63-64, 66, 69-70, 72, 81, 83-85, and 92 of

5   Complaint at Exhibit A to Schreck Dec.

6          15.    Plaintiff will more likely than not claim past lost wages and benefits

7   through trial.  Schreck Dec. at ¶ 6.  At the time of his termination, Plaintiff earned

8   an annual salary of $60,000, or $5,000 per month.  *See* Brake Dec. at ¶ 6.  Given

9   that Plaintiff alleges that he was constructively terminated as of July 16, 2020 and

10  it has been 17 months since Plaintiff's "constructive termination," his past lost

11  wages to date, not even including the value of lost employment benefits, is

12  $85,000 (*i.e.*, $60,000 divided by 12 multiplied by 17 months since "constructive

13  termination").  Schreck Dec. at ¶ 6; *see also* Complaint at ¶ 40, which is attached

14  as Exhibit A to Schreck Dec.   Because Plaintiff will likely seek lost wages

15  through trial, and trial will likely not take place until December 2022, at the

16  earliest (*i.e.,* one year from the filing of the notice of removal), Plaintiff's lost

17  wages will increase by another $60,000, for a total past lost wages in controversy

18  of $145,000 (*i.e.*, past lost wages to date of $85,000 plus an addition $60,000

19  from date of notice of removal to one year from the filing of the notice of

20  removal).  Schreck Dec. at ¶ 6.

21          16. Therefore, Plaintiff's purported past lost wages to date (not even

22  taking into consideration future lost wages and past and future lost employee

23  benefits) well exceed $75,000 and, in fact, may be much more through trial.

24  Schreck Dec. at 7.  This is not even factoring in potential emotional distress

25  and/or punitive damages, which Plaintiff seeks in connection with all of the

26  claims he has asserted in his complaint.  Schreck Dec. at ¶ 7.

27  ///

28  ///

DEFENDANT R&L CARRIERS SHARED SERVICES, LLC'S NOTICE OF REMOVAL
FP 42669440.1

17.     In sum, although no specific figure is set forth in the Complaint, the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).

18.     Accordingly, pursuant to 28 U.S.C. §§ 1332 and 1441(a), the State Court Action may be removed to the United States District Court for the Northern District of California in that it is more likely than not that the amount in controversy exceeds $75,000, exclusive of costs and interest, and there was, at the time the action was filed, and there is now at the time of the filing of the notice of removal, diversity of citizenship between Plaintiff and Defendant.

## CONCLUSION

19.     For all of the above reasons, the State Court Action is removable to this Court under 28 U.S.C. §§ 1441(a) and (b) and 1446.


DATE:  December 30, 2021          FISHER & PHILLIPS LLP



                                  By: */s/Cheryl L. Schreck*
                                      Cheryl L. Schreck
                                      Attorneys for Defendant
                                      R&L CARRIERS SHARED SERVICES,
                                      L.L.C

DEFENDANT R&L CARRIERS SHARED SERVICES, LLC'S NOTICE OF REMOVAL
FP 42669440.1

**PROOF OF SERVICE**
(CCP §§1013(a) and 2015.5)

I, the undersigned, am at least 18 years old and not a party to this action.  I am employed in the County of Los Angeles with the law offices of Fisher & Phillips LLP and its business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On December 30, 2021, I served the following document(s) **DEFENDANT R&L CARRIERS SHARED SERVICES, L.L.C.'S NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441**on the person(s) listed below by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Devin Coyle | Attorneys for Plaintiff |
| David Browne | KEVIN FRY |
| Stephanie Baker | |
| COYLE BROWNE LAW | Tel: 510-584-9020 |
| 1999 Harrison Street, Suite 1800 | Fax: 510-584-9039 |
| Oakland, CA 94612-4700 | E-mail: devin@coylebrownelaw.com; |
| | david@coylebrownelaw.com; |
| | stephanie@coylebrownelaw.com |

☒   **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Los Angeles California, in a sealed envelope with postage fully prepaid.

☒   **[by ELECTRONIC SERVICE]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed December 30, 2021, at Los Angeles, California.

Mayra Hernandez
_____
Print Name

By: *Mayra Hernandez*
_____
Signature

1
PROOF OF SERVICE

FP 42669440.1