1  Cheryl L. Schreck (SBN 130083)
       E-Mail:  cschreck@fisherphillips.com
2  FISHER & PHILLIPS LLP
   444 South Flower Street, Suite 1500
3  Los Angeles, California 90071
   Telephone: (213) 330-4500
4  Facsimile:  (213) 330-4501

5  Attorneys for Defendant
   R&L CARRIERS SHARED SERVICES, L.L.C.

6

7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10

11  KEVIN FRY,                          | Case No:

12              Plaintiff,

13       v.                             | **DECLARATION OF CHERYL L. SCHRECK IN SUPPORT OF DEFENDANT R&L CARRIERS SHARED SERVICES, L.L.C.'S NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441**

14  R&L CARRIERS SHARED
    SERVICES, L.L.C., and DOES 1-
15  50,

16              Defendants.

17                                      | *[Filed concurrently with Notice of Removal; Civil Cover Sheet; Certification of Interested Entities or Persons; and Declaration of Daniel J. Brake in Support of Removal]*

18

19

20                                      | Complaint Filed:    September 29, 2021

21

22

23

24

25

26

27

28

## <u>DECLARATION OF CHERYL L. SCHRECK</u>

I, Cheryl L. Schreck, hereby declare and state as follows:

1.      I am an attorney at law duly licensed to practice before all courts in the State of California. I am partner with Fisher & Phillips LLP, counsel of record for Defendant R&L Carriers Shared Services, L.L.C. in the above-captioned matter.  Based on my personal knowledge, I assert the facts set forth herein and, if called as a witness, I could and would competently testify thereto.

2.      I make this declaration in support of Defendant R&L Carriers Shared Services, L.L.C.'s Notice of Removal of Civil Action Pursuant to 28 U.S.C. §§ 1332 and 1441.

3.      The above-captioned action arises out of the purported constructive termination of the employment of Plaintiff Kevin Fry ("Plaintiff") by Defendant R&L Carriers Shared Services, L.L.C. ("Defendant").  On September 29, Plaintiff commenced an action in the Superior Court of the State of California in and for the County of Alameda against Defendant styled *Kevin Fry v. R&L Carriers Shared Services, L.L.C.,* Case No. RG21114487 (hereinafter referred to as the "State Court Action").  True and correct copies of the Summons and Complaint filed in the State Court Action are attached hereto as Exhibit A.

4.      Apart from the summons and complaint, the only other pleading that has been filed in the State Court Action is Defendant R&L Carriers Shared Services, L.L.C.'s Answer and Affirmative Defenses to Plaintiff Kevin Fry's Complaint.  A true and correct copy of Defendant R&L Carriers Shared Services, L.L.C.'s Answer and Affirmative Defenses to Plaintiff's Kevin Fry's Complaint is attached hereto as Exhibit B.  No other pleadings have been filed in the State Court Action, and no proceedings have been held therein.

5.      Based on the allegations in Plaintiff's Complaint filed in the State Court Action, there is no doubt that Plaintiff seeks more than $75,000 in damages. Plaintiff claims that Defendant discriminated against him because of his disability,

retaliated against him, and constructively wrongfully terminated him "for engaging in protected activity, requesting reasonable accommodation, attempting to engage in the interactive process, and exercising medical leave rights." *See* ¶¶ 44, 50, 56, 62, 80, and 90 of Plaintiff's Complaint which is attached hereto as Exhibit A. Accordingly, Defendant may be liable to Plaintiff for, and he seeks against Defendant, past and future lost wages and benefits, as well as emotional distress and punitive damages, and attorneys' fees. *See* ¶¶ 45-46, 48, 51-52, 54, 58, 60, 63-64, 66, 69-70, 72, 81, 83-85, and 92 of Plaintiff's Complaint which is attached hereto as Exhibit A.

6.      Plaintiff will more likely than not claim past lost wages and benefits through trial.  At the time of his termination, Plaintiff earned an annual salary of $60,000, or $5,000 per month.  *See* Brake Dec. filed concurrently herewith at ¶ 6. Given that Plaintiff alleges that he was constructively terminated as of July 16, 2020 and it has been 17 months since Plaintiff's "constructive termination," his past lost wages to date, not even including the value of lost employment benefits, is $85,000 (*i.e.*, $60,000 divided by 12 multiplied by 17 months since "constructive termination").  *See* Plaintiff's Complaint at ¶ 40, which is attached hereto as Exhibit A.   Because Plaintiff will likely seek lost wages through trial, and trial will likely not take place until December 2022, at the earliest (*i.e.,* one year from the filing of the notice of removal), Plaintiff's lost wages will increase by another $60,000, for a total past lost wages in controversy of $145,000 (*i.e.*, past lost wages to date of $85,000 plus an addition $60,000 from date of notice of removal to one year from the filing of the notice of removal).

7.      Therefore, Plaintiff's purported past lost wages to date (not even taking into consideration future lost wages and past and future lost employee benefits) well exceed $75,000 and, in fact, may be much more through trial.  This is not even factoring in potential emotional distress and/or punitive damages, which Plaintiff seeks in connection with all of the claims he has asserted in his complaint.

FP 42700404.1

8.     I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.  Executed on December 29, 2021, at Los Angeles, California.

CHERYL L. SCHRECK

DECLARATION OF CHERYL L. SCHRECK IN SUPPORT OF DEFENDANT R&L CARRIERS SHARED SERVICES, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION

FP 42700404.1

Exhibit A

 CT Corporation

**Service of Process Transmittal**
12/09/2021
CT Log Number 540711491

TO: Teresa Reed
R & L Carriers Shared Services, L.L.C.
600 Gillam Rd, PO Box 271
Wilmington, OH 45177-0271

RE: **Process Served in California**

FOR: R & L Carriers Shared Services, L.L.C.  (Domestic State: OH)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: KEVIN FRY, an individual // To: R & L Carriers Shared Services, L.L.C. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # RG21114487 |
| **NATURE OF ACTION:** | Employee Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 12/09/2021 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Jeff Wade  jwade@rlcarriers.com |
| | Email Notification,  Dan Brake  dbrake@rlcarriers.com |
| | Email Notification,  Teresa Reed  teresa.reed@rlcarriers.com |
| | Email Notification,  Cynthia Henry  chenry@rlcarriers.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>866-331-2303<br>CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

FIRST-CLASS

US POSTAGE PITNEY BOWES

ZIP 94954
02 7H
0001353392

$ 001.96⁰

DEC 02 2021

# InfoTrack

1400 North McDowell Blvd. Suite 300
Petaluma, CA 94954

**TO:** R+L Carriers Shared Services llc
CT-CORP
300 North Brand Blvd #200
Glendale , CA  91203

**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

R&L CARRIERS SHARED SERVICES, L.L.C., and DOES 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KEVIN FRY

| FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|
| **FILED BY FAX**<br>ALAMEDA COUNTY<br>September 29, 2021<br>CLERK OF<br>THE SUPERIOR COURT<br>By Curtiyah Ganter, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of California - Alameda<br>René C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **CASE NUMBER:**<br>*(Número de Caso):*<br>**RG21114487** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Devin Coyle, COYLE BROWNE LAW, 1999 Harrison Street, Su _____ akland, CA 94612, 510-584-9020

| DATE: September 29, 2021 | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒☒ on behalf of *(specify):* R&L Carriers Shared Services, L.L.C.

   under: ☐ CCP 416.10 (corporation)             ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☒☒ other *(specify):* Corporation Code 17061 Limited Liability Company
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

**FILED BY FAX**
ALAMEDA COUNTY

September 29, 2021

CLERK OF
THE SUPERIOR COURT
By Curtiyah Ganter, Deputy

CASE NUMBER:
**RG21114487**

1   DEVIN COYLE (SBN 267194)
    devin@coylebrownelaw.com
2   DAVID BROWNE (SBN 261345)
    david@coylebrownelaw.com
3   STEPHANIE BAKER (SBN 329950)
    stephanie@coylebrownelaw.com
4   COYLE BROWNE LAW
    1999 Harrison Street, Suite 1800
5   Oakland, CA 94612-4700
    Tel: 510-584-9020 / Fax: 510-584-9039
6

7   *Attorneys for Plaintiff Kevin Fry*

8

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                      FOR THE COUNTY OF ALAMEDA

12                         (UNLIMITED JURISDICTION)

13

14   KEVIN FRY, an individual,                    Case No.

15               Plaintiff,                       COMPLAINT FOR:

16        v.                                      1.  Discrimination based on Disability
                                                      (FEHA)
17   R&L CARRIERS SHARED SERVICES,                2.  Failure to Engage in Interactive Process
     L.L.C., and DOES 1-50,                           (FEHA)
18                                                3.  Failure to Accommodate (FEHA)
                Defendants.                       4.  Retaliation (FEHA)
19                                                5.  Failure to Prevent Discrimination and
20                                                    Retaliation (FEHA)
                                                 6.  Retaliation (Labor Code § 1102.5)
21                                               7.  Wrongful Termination in Violation of
22                                                   Public Policy

23                                               Demand for Jury Trial

24

25

26

27

28

COMPLAINT

1       Plaintiff KEVIN FRY brings this action against Defendants R&L CARRIERS SHARED

2    SERVICES, L.L.C., and DOES 1-50 (hereinafter sometimes collectively referred to as "R&L" or

3    "Defendant"), jointly and individually, and alleges as follows.

4                            **INTRODUCTION**

5       1.     Plaintiff Kevin Fry was formerly employed as an Inbound Router by Defendant

6    R&L, a freight shipping company.

7       2.     In the spring and summer of 2020, Defendant R&L was not complying with the

8    mandates and other guidance set forth by the California Department of Public Health to protect

9    its employees (and the community at large) from the spread of COVID-19.

10      3.     Specifically, R&L employees and supervisors were not wearing masks or social

11    distancing. R&L management was complicit in this behavior.

12      4.     Mr. Fry is chronically immunosuppressed.

13      5.     When Mr. Fry and his doctors asked R&L to comply with California's COVID-

14    19 mandates regarding social distancing and mask-wearing, R&L responded by refusing to

15    return Mr. Fry to work and constructively terminating his employment.

16                             **PARTIES**

17      6.     Plaintiff Kevin Fry is a resident of Alameda County.

18      7.     Defendant R&L operates a shipping terminal in Alameda County located at

19    15651 Worthley Drive, San Lorenzo, CA 94580. At all times relevant, Defendant R&L has been

20    an employer covered by the Fair Employment and Housing Act ("FEHA"), California

21    Government Code Section 12940 et. Seq., which prohibits discrimination and retaliation on the

22    basis of disability.

23      8.     Defendants 1 through 50 are sued under fictitious names pursuant to Code of

24    Civil Procedure Section 474. Plaintiff is informed and believes, and on that basis alleges, that

25    each of the defendants sued under fictitious names is in some manner responsible for the

26    wrongs and damages alleged below, and in so acting was functioning as the agent, servant,

27    partner, and employee of the co-defendants, and in taking the actions mentioned below was

28    acting within the course and scope of their authority as such agent, servant, partner, and

1

COMPLAINT

1  employee, with the permission and consent of co-defendants. At all relevant times, all

2  defendants acted as agents of all other defendants in committing the acts alleged herein.

3  **JURISDICTION**

4      9.      Jurisdiction of this Court is invoked pursuant to the FEHA. Specifically,

5  Cal. Gov. Code § 12965(b) provides in pertinent part that after receiving a right to sue letter

6  from the Department of Fair Employment and Housing ("DFEH"), an aggrieved individual may

7  file a civil lawsuit "against the person, employer, labor organization or employment agency

8  named in the verified complaint within one year from the date of that notice." Section 12965(b)

9  continues: "The superior courts of the State of California shall have jurisdiction of those

10  actions, and the aggrieved person may file in these courts."

11      10.    Mr. Fry timely filed a complaint of discrimination against Defendants with the

12  DFEH on September 19, 2021 and received an immediate right to sue letter the same day.

13      11.    By obtaining a Right-to-Sue notice from the DFEH in a timely manner, Mr. Fry

14  exhausted all available and required administrative remedies.

15      12.    The amount in controversy exceeds $25,000.00.

16  **VENUE**

17      13.    Venue in this Court is also proper pursuant to Section 12965(b), which further

18  provides that "[s]uch an action may be brought in any county in the state in which the unlawful

19  practice is alleged to have been committed, in the county in which the records relevant to the

20  practice are maintained and administered, or in the county in which the aggrieved person would

21  have worked or would have had access to the public accommodation but for the alleged

22  unlawful practice, but if the defendant is not found within any of these counties an action may

23  be brought within the county of defendant's residence or principal office."

24      14.    Mr. Fry was employed by Defendants in Alameda County and would have

25  continued working in Alameda County but for Defendants' unlawful practices, many of which

26  were committed in Alameda County.

27  //

28  //

2

COMPLAINT

### INTRODUCTORY ALLEGATIONS

15.    Defendant R&L hired Plaintiff Kevin Fry as an Inbound Router on or around January 16, 2020.

16.    Mr. Fry is chronically immunosuppressed.

17.    On or around April 3, 2020 – as the total number of coronavirus cases in the Bay Area was passing 3,000, more than 80 people in the Bay Area had died – Mr. Fry had an appointment at UCSF.

18.    Mr. Fry's care provider, Dana Jakoubek, a Nurse Practitioner at UCSF, wrote a letter stating that Mr. Fry was "at an increased risk for COVID-19 due to immunosuppressed status and CA state guidance… directs that vulnerable individuals… should remain at home until statewide shelter-in-place is lifted."

19.    Mr. Fry submitted this request for accommodation to his supervisors on April 6, 2020.

20.    On or around April 8, 2020, Mr. Fry was notified by R&L Benefits Specialist Erika Garen that his leave was approved through April 14, 2020.

21.    When that initial leave expired, Mr. Fry submitted a request to extend his leave through May 15, 2020.

22.    On or around April 28, 2020, Mr. Fry spoke with Ms. Garen, who advised him that her corporate Human Resources supervisor would only approve leave for up to 14 days, and that it now fell on his local supervisors to approve his request.

23.    On or around April 29, 2020, Mr. Fry emailed his local supervisors seeking the approval of his leave through May 15, 2020.

24.    A few days later, Mr. Fry received a form completed and signed by Ms. Garen – dated April 27, 2020 – notifying him that his life insurance coverage had ended on April 30, 2020, because R&L had "terminated" him while on "disability/sick leave."

25.    However, on or around May 8, 2020, Ms. Garen informed Mr. Fry that he had been granted a "FEHA/ADAAA accommodation for the period of 04/15/2020 through 05/13/2020," and provided a form for his treating physician to fill out before returning to work.

3

COMPLAINT

1      26.     Mr. Fry emailed Ms. Garen the same day requesting clarification on whether or

2  not he had been terminated.

3      27.     Ms. Garen responded that, "the decision to terminate your employment was

4  reversed and I was directed by my superiors to extend your leave of absence."

5      28.     Thereafter, Ms. Garen informed Mr. Fry that he had been granted another

6  "FEHA/ADAAA accommodation for the period of 5/14/2020 through 06/12/2020."

7      29.     On or around May 23, 2020, Mr. Fry gave R&L a note from his care provider,

8  Dana Jakoubek, a Nurse Practitioner at UCSF, stating that he could return to work on June 12,

9  2020 "while adhering to wearing masks (covering nose and mouth), maintaining excellent hand

10  hygiene and social distancing."

11      30.     On or around June 15, 2020, Mr. Fry emailed Jim Fishpaw, R&L's Vice President

12  of Human Resources, as follows: "Mr. Fishpaw, My unpaid medical leave ended Friday, June

13  12, 2020. The doctors at UCSF informed me that I'm able to return to work as long as certain

14  medically advised precautions are taken. Due to my complex medical condition involving my...

15  compromised immune system, I have been awaiting communication from the company that a

16  COVID-19 site specific protection plan is in place at the Oakland terminal to help ensure my

17  health and safety. The guidelines as written by the California government include training for

18  employees on how to limit the spread of the virus, control measures and screening, disinfection

19  protocols and physical distancing protocols as well as masks be worn by all employees at all

20  times while performing their duties. I have not received assurances a protection plan has been put

21  in place. I respectfully request a return e-mail from the company with information, in detail,

22  regarding my return to work. A quick response would be greatly appreciated."

23      31.     On or around June 19, 2020, Mr. Fry received an email from Sarah Vollman,

24  Esq., R&L's Director of Benefits, stating among other things that, "Your health care provider's

25  restrictions that you work wearing a mask covering your nose and mouth as well as maintaining

26  excellent hand hygiene and social distancing are acceptable and will be accommodated."

27      32.     However, around this time, Mr. Fry learned from a co-worker that R&L was not

28  complying with the mandates and other guidance set forth by the California Department of

4

COMPLAINT

1  Public Health as of June 18, 2020 to protect its employees (and the community at large) from the

2  spread of COVID-19." Mr. Fry was informed that employees were not wearing masks or social

3  distancing, and that management was complicit in this behavior.

4       33.    On or around June 23, 2020, Mr. Fry told Ms. Vollman that he still had concerns

5  about the Oakland terminal because other "R&L employees not wearing masks and not

6  maintaining proper social distancing could have grave consequences given [his] medical

7  condition." Mr. Fry asked Ms. Vollman to please confirm that his coworkers had been trained

8  and would be following California's COVID-19 guidelines."

9       34.    On or around June 24, 2020, Mr. Fry submitted an updated note from his medical

10  provider, which stated: "Kevin Fry… may return to work as of 6/12/20… [I]t is ok for patients to

11  go back to work while adhering to wearing masks (covering nose and mouth), **including those**

12  **within close proximity to the patient**, maintaining excellent hand hygiene and social distancing

13  (outside of 6 feet whenever possible) … In addition to this, we ask that the company comply

14  with the mandates and other guidance set forth by the California Department of Public Health as

15  of June 18, 2020 when Kevin Fry is working to protect both this patient and his fellow

16  employees from the spread of Covid-19." (emphasis added, link to cdph.ca.gov omitted)

17       35.    On or around June 25, 2020, Ms. Vollman informed Mr. Fry that R&L could not

18  accommodate his request because not all employees could be required to wear masks:

19       "Kevin, Thank you for providing me with all information necessary for us to complete

20       the interactive process to determine a reasonable accommodation that satisfies your

21       medical restrictions… Please be advised that the public health order issued by Governor

22       Gavin Newsom on June 18, 2020 includes specific exemptions from the wearing of face

23       coverings. For example, people that suffer from medical conditions or disabilities that

24       prevent them from wearing a face covering are not required to wear face coverings. Thus,

25       R+L cannot guarantee that every worker in the Oakland terminal or any other locations,

26       including customers, will be wearing a face covering while working at or visiting the

27       terminal. Of course, due to privacy concerns, we will not be able to identify for you who

28       may be exempt from wearing face coverings during your working hours at the terminal.

COMPLAINT

1   Consequently, because your health care provider's orders require you to work only in a

2   setting where anyone working within close proximity to you wear a mask (covering nose

3   and mouth) to prevent grave consequences to you given your medical condition, we are

4   placing you on an extended leave of absence as a reasonable accommodation under the

5   circumstances."

6       36.   R&L granted Mr. Fry a further "ADAAA accommodation" from June 13, 2020

7   through August 10, 2020.

8       37.   On or around June 30, 2020, Mr. Fry submitted an updated doctor's note from

9   UCSF with a modified request for accommodation. The note no longer required all employees in

10   close proximity of Mr. Fry to wear masks. It merely required that R&L "comply with the

11   mandates and other guidance set forth by the California Department of Public Health… to

12   protect both [Mr. Fry] and his fellow employees from the spread of Covid-19."

13       38.   On or around July 9, 2020, Ms. Vollman responded that – despite Mr. Fry's desire

14   and ability to return to work as long as the COVID-19 mandates were followed – R&L's only

15   offer of accommodation was with "continued leave."

16       39.   On or around July 16, 2020, Mr. Fry responded to Ms. Vollman as follows"

17       "Sarah, My current medical restrictions are very clear in my last letter from UCSF. I'm

18   clear to return to work provid[ed] I wear a mask, wash my hands, and maintain social distance to

19   the best of my ability. The only accommodation request for the company is to comply with the

20   California COVID-19 mandates currently in place. Unfortunately, I am aware that R+L's

21   Oakland terminal is not enforcing the state's public health mandates. For this reason, I cannot

22   work there anymore."

23       40.   Because R&L refused to comply with California's COVID-19 mandates, Mr. Fry

24   was constructively terminated as of July 16, 2020.

25       41.   Several weeks after his constructive termination, Mr. Fry received a letter from

26   Ms. Garen pointlessly extending his ADAAA accommodation through March 31, 2021.

27   //

28   //

6

COMPLAINT

**FIRST CAUSE OF ACTION**

**Discrimination based on Disability**

**in Violation of Cal. Govt. Code §§ 12940(a)** *et seq.*

**(Against ALL Defendants)**

42.     Plaintiff re-alleges and incorporates by reference each paragraph of this complaint as if fully alleged in this paragraph.

43.     California law as declared in constitution and statute prohibits employment discrimination based on an employee's disability (actual or perceived), or an employee's association with a disabled person or persons.

44.     Defendant's adverse conduct against Plaintiff was motivated by Plaintiff's disability, or the perception that Plaintiff had a disability, and was not supported by any good or just cause, in violation of Cal. Gov't Code § 12940(a).

45.     As a direct, foreseeable, and proximate result of Defendant's wrongful acts, Plaintiff has suffered special and general damages in an amount in excess of the minimum jurisdiction of this court, to be determined according to proof at the time of trial.

46.     Defendant's acts as herein described were committed maliciously, fraudulently, or oppressively with the intent of injuring Plaintiff, and/or in willful and conscious disregard of Plaintiff's rights to work in an environment free from unlawful discrimination.  Because these acts were carried out and/or ratified by managing agents in Defendant's employ in a despicable, deliberate, and intentional manner, Plaintiff is entitled to recover punitive damages in a sum sufficient to punish and deter future such conduct.

47.     Defendant's acts further entitle Plaintiff to a permanent injunction enjoining Defendant from failing to provide a workplace free from discrimination.

48.     Plaintiff requests attorney fees against Defendant pursuant to Cal. Gov't. Code § 12965(b).

//

//

//

7

COMPLAINT

## SECOND CAUSE OF ACTION

### Failure to Engage in Good Faith Interactive Process

### in Violation of Cal. Gov't. Code § 12490 *et seq.*

### (Against ALL Defendants)

49.     Plaintiff re-alleges and incorporates by reference each paragraph of this complaint as if fully alleged in this paragraph.

50.     Defendant failed to engage in a good faith, interactive process with Plaintiff to determine effective reasonable accommodations for his disability, in violation of Cal. Gov't. Code § 12940(n).

51.     As a direct, foreseeable, and proximate result of Defendant's wrongful acts, Plaintiff has suffered special and general damages in an amount exceeding this court's minimum jurisdiction, to be determined according to proof at the time of trial.

52.     Defendant's acts as herein described were committed maliciously, fraudulently, or oppressively with the intent of injuring Plaintiff, and/or in willful and conscious disregard of Plaintiff's rights to work in an environment free from unlawful discrimination. Because these acts were carried out and/or ratified by managing agents in Defendant's employ in a despicable, deliberate, and intentional manner, Plaintiff is entitled to recover punitive damages in a sum sufficient to punish and deter future such conduct

53.     Defendant's acts further entitle Plaintiff to a permanent injunction enjoining Defendant from failing to engage in a good faith interactive process with employees who present with a disability.

54.     Plaintiff requests attorney fees against Defendant pursuant to Cal. Gov't. Code § 12965(b).

## THIRD CAUSE OF ACTION

### Failure to Accommodate

### in Violation of Cal. Gov't. Code § 12940(m)

### (Against ALL Defendants)

8

COMPLAINT

55.    Plaintiff re-alleges and incorporates by reference each paragraph of this complaint as if fully alleged in this paragraph.

56.    Defendant was aware of Plaintiff's disability yet wrongfully and without good cause or justification denied his requests for reasonable accommodation, failed to consider or provide any other type of accommodation, and instead terminated his employment – all in violation of Cal. Gov't. Code § 12940(m).

57.    As a direct, foreseeable, and proximate result of Defendant's wrongful acts, Plaintiff has suffered special and general damages in an amount exceeding this court's minimum jurisdiction, to be determined according to proof at the time of trial.

58.    Defendant's acts as herein described were committed maliciously, fraudulently, or oppressively with the intent of injuring Plaintiff, and/or in willful and conscious disregard of Plaintiff's rights to work in an environment free from unlawful discrimination.  Because these acts were carried out and/or ratified by managing agents in Defendant's employ in a despicable, deliberate, and intentional manner, Plaintiff is entitled to recover punitive damages in a sum sufficient to punish and deter future such conduct.

59.    Defendant's acts further entitle Plaintiff to a permanent injunction enjoining Defendant from failing to provide reasonable accommodations to employees who present with a disability.

60.    Plaintiff requests attorney fees against Defendant pursuant to Cal. Gov't. Code § 12965(b).

**FOURTH CAUSE OF ACTION**

**Retaliation**

**in Violation of Cal. Gov. Code § 12940(m)(2) and § 12940(h)**

**(Against ALL Defendants)**

61.    Plaintiff re-alleges and incorporates by reference each paragraph of this complaint as if fully alleged in this paragraph.

62.    During the course of Plaintiff's employment, Defendant retaliated against Plaintiff in violation of Cal. Gov't. Code §§ 12940(m)(2) and 12940(h) for engaging in protected

9

COMPLAINT

1   activity, requesting reasonable accommodations, attempting to engage in the interactive process,

2   and exercising medical leave rights.

3       63.    As a direct, foreseeable, and proximate result of Defendant's wrongful acts,

4   Plaintiff has suffered special and general damages in an amount exceeding this court's

5   minimum jurisdiction, to be determined according to proof at the time of trial.

6       64.    Defendant's acts as herein described were committed maliciously, fraudulently, or

7   oppressively with the intent of injuring Plaintiff, and/or in willful and conscious disregard of

8   Plaintiff's rights to work in an environment free from unlawful discrimination.  Because these

9   acts were carried out and/or ratified by managing agents in Defendant's employ in a despicable,

10   deliberate, and intentional manner, Plaintiff is entitled to recover punitive damages in a sum

11   sufficient to punish and deter future such conduct.

12       65.    Defendant's acts further entitle Plaintiff to a permanent injunction enjoining

13   Defendant from failing to provide a workplace free from discrimination.

14       66.    Plaintiff requests attorney fees against Defendant pursuant to Cal. Gov't. Code

15   § 12965(b).

16   **FIFTH CAUSE OF ACTION**

17   **Failure to Prevent Discrimination and Retaliation**

18   **in Violation of Cal. Gov't. Code § 12940(k)**

19   **(Against ALL Defendants)**

20       67.    Plaintiff re-alleges and incorporates by reference each paragraph of this complaint

21   as if fully alleged in this paragraph.

22       68.    During the course of Plaintiff's employment, Defendant failed to prevent

23   harassment, discrimination, and/or retaliation against Plaintiff, in violation of Cal. Gov't. Code

24   § 12940(k).

25       69.    As a direct, foreseeable, and proximate result of Defendant's wrongful acts,

26   Plaintiff has suffered special and general damages in an amount exceeding this court's

27   minimum jurisdiction, to be determined according to proof at the time of trial.

28

10

COMPLAINT

70.     Defendant's acts as herein described were committed maliciously, fraudulently, or oppressively with the intent of injuring Plaintiff, and/or in willful and conscious disregard of Plaintiff's rights to work in an environment free from unlawful discrimination.  Because these acts were carried out and/or ratified by managing agents in Defendant's employ in a despicable, deliberate, and intentional manner, Plaintiff is entitled to recover punitive damages in a sum sufficient to punish and deter future such conduct.

71.     Defendant's acts further entitle Plaintiff to a permanent injunction enjoining Defendant from failing to provide a workplace free from discrimination.

72.     Plaintiff requests attorney fees against Defendant pursuant to Cal. Gov't. Code § 12965(b).

## SIXTH CAUSE OF ACTION

### Retaliation

### in Violation of Cal. Labor Code § 1102.5

### (Against ALL Defendants)

73.     Plaintiff re-alleges and incorporates by reference each paragraph of this complaint as if fully alleged in this paragraph.

74.     Cal. Labor Code § 1102.5(b) prohibits an employer, or any person acting on behalf of the employer, from retaliating against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

75.     Cal. Labor Code § 1102.5(c) prohibits an employer, or any person acting on behalf of the employer, from retaliating against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or

11

COMPLAINT

1   noncompliance with a local, state, or federal rule or regulation.

2       76.    Plaintiff was an employee of Defendant.

3       77.    Plaintiff opposed discrimination that he had reasonable cause to believe was in

4   violation of state and federal civil rights statutes, including FEHA.

5       78.    Plaintiff disclosed the discrimination to a person with authority over him who

6   had the authority to investigate, discover, and correct the violation of his rights.

7       79.    Defendants believed that Plaintiff had disclosed or may disclose information to a

8   government or law enforcement agency, to a person with authority over the employee or another

9   employee who had the authority to investigate, discover, or correct the violation or

10  noncompliance.

11      80.    Plaintiff's opposition to harassment and discrimination or Defendants' belief that

12  Plaintiff had disclosed or may disclose information about the harassment and discrimination

13  was a contributing factor in Defendants' decision to engage in adverse acts against him.

14      81.    As a direct, foreseeable, and proximate result of Defendant's wrongful acts and

15  omissions, Plaintiff has suffered special and general damages in an amount in excess of the

16  minimum jurisdiction of this court, to be determined according to proof at the time of trial.

17      82.    Defendant's conduct was a substantial factor in causing Plaintiff harm.

18      83.    Defendant committed the acts and conduct alleged herein by acting knowingly

19  and willfully, with the wrongful and illegal deliberate intention of injuring Plaintiff, from

20  improper motives amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff

21  is thus entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in

22  amounts according to proof at time of trial, in addition to any other remedies and damages

23  allowable by law.

24      84.    Defendant, through its officers, managing agents, employees and/or its

25  supervisors, authorized, condoned and/or ratified the unlawful conduct alleged herein. By

26  reason thereof, Plaintiff is entitled to an award of punitive damages in an amount according to

27  proof at the time of trial.

28

12

COMPLAINT

85.     Plaintiff requests attorney fees against Defendant pursuant to Cal. Labor Code § 1102.5(j).

### SEVENTH CAUSE OF ACTION

**Wrongful Termination in Violation of Public Policy (WTVPP)**

**(Against ALL Defendants)**

86.     Plaintiff re-alleges and incorporates by reference each paragraph of this complaint as if fully alleged in this paragraph.

87.     California's Fair Employment and Housing Act protects employees from discrimination on the basis of disability, among other things, and allows employees to request accommodations and engage in protected activity without experiencing retaliation.

88.     The right to request accommodations and take medical leave free of interference and retaliation extends to acts of private employers; it provides a fundamental principle of public policy sufficient to state a cause of action for wrongful termination against a private employer.

89.     Plaintiff was employed by Defendant.

90.     Defendant constructively terminated Plaintiff based on a disability (whether actual or perceived), and for engaging in protected activity, requesting reasonable accommodations, attempting to engage in the interactive process, and exercising medical leave rights.

91.     As a direct and proximate cause of Defendant's conduct, Plaintiff has suffered damages.

92.     Defendant's acts as herein described were committed maliciously, fraudulently, or oppressively with the intent of injuring Plaintiff, and/or in willful and conscious disregard of Plaintiff's rights to work in an environment free from unlawful discrimination.  Because these acts were carried out and/or ratified by managing agents in Defendant's employ in a despicable, deliberate, and intentional manner, Plaintiff is entitled to recover punitive damages in a sum sufficient to punish and deter future such conduct.

//

13

COMPLAINT

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a) Declaratory relief;

b) Injunctive relief against Defendants to prevent further recurrence of their unlawful discrimination;

c) Special and general damages in an amount to be determined by proof at trial;

d) Statutory damages and penalties pursuant to Cal. Labor Code § 1102.5

e) Punitive damages;

f) Pre- and post-judgment interest on all damages awarded;

g) Reasonable attorney's fees;

h) Costs of suit incurred;

i) Other relief as the Court may deem just and proper.

**JURY DEMAND**

ADDITIONALLY, Plaintiff demands trial of this matter by jury.

Dated: September 29, 2021          COYLE BROWNE LAW

Devin Coyle
*Attorneys for Plaintiff Kevin Fry*

14

COMPLAINT

DEVIN COYLE LAW
Attn: Coyle, Devin
1999 Harrison Street #1800
Oakland, CA  94612____

## Superior Court of California, County of Alameda

| Fry | No. RG21114487 |
| **Plaintiff/Petitioner(s)** | |
| vs. | **NOTICE OF CASE MANAGEMENT** |
| | **CONFERENCE AND ORDER** |
| R&L Carriers Shared Services, L.L.C. | Unlimited Jurisdiction |
| **Defendant/Respondent(s)** | |
| (Abbreviated Title) | |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:
Notice is given that a Case Management Conference has been scheduled as follows:

| Date: 02/22/2022<br>Time: 03:00 PM | Department: 15<br>Location: **Administration Building**<br>**Third Floor**<br>**1221 Oak Street, Oakland  CA  94612**<br><br>Internet: **www.alameda.courts.ca.gov** | Judge: **Patrick R. McKinney II**<br>Clerk: **Pamela Drummer-**<br>**Williams**<br>Clerk telephone: **(510) 267-6931**<br>E-mail:<br>**Dept15@alameda.courts.ca.gov**<br>Fax: |

### ORDERS

1. **Plaintiff** must:

   a. **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)); and

   b. **Give notice** of this conference to all other parties and file proof of service.

2. **Defendant** must respond as stated on the summons.

3. **All parties who have appeared before the date of the conference must:**

   a. **Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724;

   b. **File and serve** a completed *Case Management Statement* on Form CM-110 at least **15** days before the Case Management Conference (Cal. Rules of Court, rule 3.725); and

   c. **Post jury fees** as required by Code of Civil Procedure section 631.

4. If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30.  Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

5. You are further ordered to appear in person or through your attorney of record at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.  You may be able to appear at Case Management Conferences by telephone.  Contact CourtCall, an independent vendor, at least three business days before the scheduled conference.  Call 1-888-882-6878, or fax a service request to (888) 882-2946.  The vendor charges for this service.

6. You may file *Case Management Conference Statements* by E-Delivery.  Submit them directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For further information, go to *www.alameda.courts.ca.gov/ff.*

7. The judge may place a *Tentative Case Management Order* in your case's on-line register of actions before the conference.  This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the website of each assigned department for procedures regarding tentative case management orders at *www.alameda.courts.ca.gov/dc.*

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 10/05/2021.

By     _Demeter Oli_ Digital

                         Deputy Clerk

## Superior Court of California, County of Alameda



## Notice of Assignment of Judge for All Purposes

Case Number: RG21114487
Case Title:    Fry VS R&L Carriers Shared Services, L.L.C.
Date of Filing: 09/29/2021

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:**

| | |
|---|---|
| **Judge:** | **Patrick R. McKinney II** |
| **Department:** | **15** |
| **Address:** | **Administration Building** |
| | **1221 Oak Street** |
| | **Oakland  CA  94612** |
| **Phone Number:** | **(510) 267-6931** |
| **Fax Number:** | |
| **Email Address:** | **Dept15@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law.  (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)**

**NOTICE OF NONAVAILABILITY OF COURT REPORTERS:** Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

**General Procedures**

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the René C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California; 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO<br>
JUDGE Patrick R. McKinney II<br>
DEPARTMENT 15

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at: http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1)  and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference.  The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days".  Plaintiff received that form in the ADR information package at the time the complaint was filed.  The court's website also contains this form and other ADR information.  If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

Contacts with Dept. 15 should be by email to Dept. 15@alameda.courts.ca.gov. You must provide copies of all email communications to each party (or their attorneys, if represented) at the same time you send the email to the Court and you must show that you have done so in your email. When a copy of a document must be transmitted to court staff, an email attachment is preferable to fax. Use of an email attachment or fax, however, is not a substitute for filing of pleadings or other documents. Inclusion of available email addresses in the caption of all filed papers, as required by CRC 2.111(1) is required.

Parties/attorneys must confer before scheduling a hearing date. Counsel are expected to be familiar and comply with the Statement of Professionalism and Civility, Alameda County Bar Association www.acbanet.org.

Counsel should consider and recommend creative, efficient approaches to valuing and resolving their case (CRC §3.724).

**Schedule for Department 15**

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held:  Unless otherwise advised, both court and jury trials are Mondays through Thursdays at 10:00 am through 4:30 pm; expect to be in the courtroom from 9:00 am to 5:00 pm. Cases may "trail" a trial in progress.

- Case Management Conferences are held: Mon., Wed., Thurs. and Fri. at 9:15 am and Tues. at 3:00 pm. Timely filed and complete case management conference statements are required and may eliminate the need for a hearing.

- Law and Motion matters are heard:  Law & Motion hearings will be held on Tuesdays and Thursdays at 1:30 p.m.  Email Dept. 15 for reservations. Include case name & number, title of motion and identity of moving party.  Courtesy copies shall be delivered to the department.
- Settlement Conferences are heard:  As scheduled by the Judge. Court resources are limited, and counsel should consider other ADR alternatives. Conferences will be specially set when deemed appropriate.
- Ex Parte matters are heard:  The applicant must contact the clerk for a hearing date and provide CRC 3.1203(a) notice to all parties.  The applicant must appear, in person or by phone if allowed, unless it is a stipulation for an order or otherwise allowed under CRC 3.1207.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Email:         Dept.15@alameda.courts.ca.gov

  The parties should check the tentative rulings on the court's website and notify the courtroom clerk and all other parties of plans to contest by 4:00 pm the day before the hearing.

- Ex Parte Matters
  Email:        Dept15@alameda.courts.ca.gov

## Tentative Rulings

The court may issue tentative rulings in accordance with the Local Rules.  Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website:  www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 15
- Phone:  1-866-223-2244

Dated:  10/04/2021

_____ Facsimile

Presiding Judge,
Superior Court of California, County of Alameda

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 10/05/2021

By    _____

Deputy Clerk



# Superior Court of California, County of Alameda
# Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

---

The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:

- Indicating your preference on Case Management Form CM-110;

- Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or

- Agree to ADR at your Initial Case Management Conference.

**QUESTIONS?** Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
Or visit the court's website at http://www.alameda.courts.ca.gov/adr

---

## What Are The Advantages Of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

## What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

## What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  o **Court Mediation Program**: Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

o **Private Mediation**: This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

• *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

o **Judicial Arbitration Program** (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

o **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

## Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
2530 San Pablo Avenue, Suite A, Berkeley, CA 94702-1612
Telephone: (510) 548-2377     Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – **S**ervices that **E**ncourage **E**ffective **D**ialogue and **S**olution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephone: (925) 373-1035     Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA 94607
Telephone: (510) 768-3100     Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

**ALA ADR-001**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*<br><br><br>           TELEPHONE NO.:                FAX NO. *(Optional)*:<br>    E-MAIL ADDRESS *(Optional)*:<br>    ATTORNEY FOR *(Name)*: | *FOR COURT USE ONLY* |
| **SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY**<br>    STREET ADDRESS:<br>    MAILING ADDRESS:<br>    CITY AND ZIP CODE:<br>    BRANCH NAME | |
| PLAINTIFF/PETITIONER:<br>DEFENDANT/RESPONDENT: | |
| **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | CASE NUMBER: |

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 24405 Amador Street, Hayward, CA 94544 or Fax to (510) 267-5727.

1.  Date complaint filed: _____. An **Initial Case Management Conference** is scheduled for:

    Date:                        Time:                     Department:

2.  Counsel and all parties certify they have met and conferred and have selected the following ADR process (*check one*):

    ☐ Court mediation        ☐ Judicial arbitration

    ☐ Private mediation      ☐ Private arbitration

3.  All parties agree to complete ADR within 90 days and certify that:

    a.  No party to the case has requested a complex civil litigation determination hearing;
    b.  All parties have been served and intend to submit to the jurisdiction of the court;
    c.  All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
    d.  Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
    e.  Case management statements are submitted with this stipulation;
    f.  All parties will attend ADR conferences; and,
    g.  The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____   ▶ _____
        (TYPE OR PRINT NAME)                         (SIGNATURE OF PLAINTIFF)

Date:

_____   ▶ _____

| | | |
|---|---|---|
| Form Approved for Mandatory Use<br>Superior Court of California,<br>County of Alameda<br>ALA ADR-001 [New January 1, 2010] | **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | Cal. Rules of Court,<br>rule 3.221(a)(4) |

(TYPE OR PRINT NAME)                    (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

**ALA ADR-001**

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____        ▶ _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF DEFENDANT)

Date:

_____        ▶ _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

Exhibit B

Cheryl L. Schreck (SBN 130083)
   E-Mail:  cschreck@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile:  (213) 330-4501

Attorneys for Defendant
R&L CARRIERS SHARED SERVICES, L.L.C.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF ALAMEDA - OAKLAND – ADMINISTRATION BUILDING

### COURTHOUSE

| | |
|---|---|
| KEVIN FRY,<br><br>                    Plaintiff,<br><br>         v.<br><br>R&L CARRIERS SHARED SERVICES, L.L.C., and DOES 1-50,<br><br>                    Defendants. | CASE NO.:  RG21114487<br>*[Unlimited Jurisdiction]*<br><br>*Assigned for all purposes to the*<br>*Honorable Patrick R. McKinney II, Dept. 15*<br><br>**DEFENDANT R&L CARRIERS SHARED SERVICES, L.L.C.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF KEVIN FRY'S COMPLAINT**<br><br><br>Complaint Filed: September 29, 2021<br>Trial Date:        Not Yet Set |

TO PLAINTIFF KEVIN FRY AND HIS ATTORNEYS OF RECORD:

Defendant, R&L CARRIERS SHARED SERVICES, L.L.C. ("Defendant") hereby answers Plaintiff KEVIN FRY's ("Plaintiff") complaint as follows:

### ANSWER

Pursuant to California Code of Civil Procedure section 431.30, subdivision (d), Defendant generally denies each and every allegation and cause of action in Plaintiff's unverified complaint and denies that Defendant has sustained damages in the sum or sums alleged, or any other sum, or at all.

1

45282.0016    FP 42595611.1

## FIRST AFFIRMATIVE DEFENSE

1.     The legal process served upon Defendant through its registered agent for service of process was legally insufficient in that Plaintiff failed to comply with the requirements of California Code of Civil Procedure §§ 415.20 and 416.10.

## SECOND AFFIRMATIVE DEFENSE

2.     Plaintiff's complaint, and each and every cause of action therein, is barred by the applicable statute of limitations, including, but not limited to, California Code of Civil Procedure § 335.1 and California Government Code §§ 12960 and 12965.

## THIRD AFFIRMATIVE DEFENSE

3.     Plaintiff's complaint, and each and every cause of action therein, is barred by the exclusive remedy provisions of the Workers' Compensation Act pursuant to California Labor Code section 3601, *et seq.*

## FOURTH AFFIRMATIVE DEFENSE

4.     If Plaintiff has received, or in the future receives, Workers' Compensation benefits by reason of the claimed injuries which give rise to this suit, any judgment rendered in favor of Plaintiff should be reduced by the amount of all Workers' Compensation benefits paid to or on behalf of Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

5.     Defendant is informed and believes, and based thereon alleges, that Plaintiff's claims are barred by Plaintiff's failure to exhaust administrative remedies.

## SIXTH AFFIRMATIVE DEFENSE

6.     There existed legitimate, non-discriminatory, and non-retaliatory reasons for the alleged acts of Defendant of which Plaintiff complains.

## SEVENTH AFFIRMATIVE DEFENSE

7.     Plaintiff failed to cooperate in the process of reasonable accommodation.

## EIGHTH AFFIRMATIVE DEFENSE

8.     Any recovery on Plaintiff's complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's failure to mitigate his damages.

2

45282.0016   FP 42595611.1

## NINTH AFFIRMATIVE DEFENSE

9.      Defendant is informed and believes, and based thereon alleges, that any recovery on Plaintiff's complaint or any purported cause of action alleged against Defendant therein, is barred in whole or in part by the after acquired evidence doctrine.

## TENTH AFFIRMATIVE DEFENSE

10.      Plaintiff's claims are barred, in whole or in part, to the extent that any accommodation Plaintiff allegedly requested would have imposed an undue hardship on Defendant.

## RESERVATION OF RIGHT TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Accordingly, Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

**WHEREFORE**, this answering Defendant prays as follows:

1.      That Plaintiff take nothing by his complaint for damages;

2.      That Plaintiff's complaint herein be dismissed in its entirety with prejudice;

3.      That Defendant recover its costs of suit herein, including its reasonable attorneys' fees; and

4.      That the court award such other and further relief as it deems appropriate.


DATE:  December 22, 2021                    FISHER & PHILLIPS LLP


                                            By: _____
                                                Cheryl L. Schreck
                                                Attorneys for Defendant
                                                R&L CARRIERS SHARED SERVICES, L.L.C.

DEFENDANT R&L CARRIERS SHARED SERVICES, L.L.C.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF KEVIN FRY'S COMPLAINT

45282.0016     FP 42595611.1

**PROOF OF SERVICE**
**(CCP §§1013(a) and 2015.5)**

I, the undersigned, am at least 18 years old and not a party to this action.  I am employed in the County of Los Angeles with the law offices of Fisher & Phillips LLP and its business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On December 22, 2021, I served the following document(s) **DEFENDANT R&L CARRIERS SHARED SERVICES, L.L.C.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF KEVIN FRY'S COMPLAINT** on the person(s) listed below by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Devin Coyle<br>David Browne<br>Stephanie Baker<br>COYLE BROWNE LAW<br>1999 Harrison Street, Suite 1800<br>Oakland, CA 94612-4700 | Attorneys for Plaintiff<br>KEVIN FRY<br><br>Tel: 510-584-9020<br>Fax: 510-584-9039<br>E-mail: devin@coylebrownelaw.com;<br>         david@coylebrownelaw.com;<br>         stephanie@coylebrownelaw.com |

☒ **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Los Angeles California, in a sealed envelope with postage fully prepaid.

☐ **[by FAX]** - Based on an agreement of the parties to accept service by fax transmission, I faxed the document(s) to the person(s) at fax number(s) listed above from fax number (213) 330-4501.  The fax reported no errors.  A copy of the transmission report is attached.

☐ **[by OVERNIGHT DELIVERY]** - I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight carrier.

☐ **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

☐ **[by PERSONAL SERVICE]** - I delivered the document(s) to the person(s) at the address(es) listed above by (1) (a) personal delivery, or (b) by leaving the documents in an envelope/package with an individual in charge of the office, or (c) by leaving them in a conspicuous place in the office between the hours of 9:00 a.m. and 6:00 p.m., or (2) by messenger – a copy of the Messenger Declaration is attached.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed December 22, 2021, at Los Angeles, California.

Mayra Hernandez
_____
Print Name

By: *Mayra Hernandez*
_____
Signature

# PROOF OF SERVICE
(CCP §§1013(a) and 2015.5)

I, the undersigned, am at least 18 years old and not a party to this action.  I am employed in the County of Los Angeles with the law offices of Fisher & Phillips LLP and its business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On December 30, 2021, I served the following document(s) **DECLARATION OF CHERYL L. SCHRECK IN SUPPORT OF DEFENDANT R&L CARRIERS SHARED SERVICES, L.L.C.'S NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441** on the person(s) listed below by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

Devin Coyle                                  Attorneys for Plaintiff
David Browne                               KEVIN FRY
Stephanie Baker
COYLE BROWNE LAW                  Tel: 510-584-9020
1999 Harrison Street, Suite 1800    Fax: 510-584-9039
Oakland, CA 94612-4700              E-mail: devin@coylebrownelaw.com;
                                                        david@coylebrownelaw.com;
                                                        stephanie@coylebrownelaw.com

☒    **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Los Angeles California, in a sealed envelope with postage fully prepaid.

☒    **[by ELECTRONIC SERVICE]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed December 30, 2021, at Los Angeles, California.

Mayra Hernandez                          By: *Mayra Hernandez*
_____                      _____
Print Name                                                    Signature

FP 42700404.1